# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WELLS FARGO BUSINESS CREDIT,**
**a division of WELLS FARGO BANK, N.A.,**

                      Plaintiff,

                                                                                      **Case No. 10-C-348**

    -vs-

**DONALD J. HINDMAN,**

                      Defendant.

# DECISION AND ORDER

On June 21, 2011, the Court held that the defendant, Donald J. Hindman ("Hindman"), breached a series of subordination agreements when he accepted repayment on a $750,000 loan to a collection of borrowers with a Wells Fargo line of credit. Wells Fargo now moves for a determination of damages. Wells Fargo requests $750,000, plus prejudgment interest and costs.

As the Court held, Hindman breached paragraph 3 of the applicable subordination agreement by accepting repayment of the loan without Wells Fargo's consent. Wells Fargo requests payment of the entire amount of the loan pursuant to paragraph 4, which provides: "If the Subordinated Creditor [Hindman] receives any payment on the Subordinated Indebtedness that the Subordinated Creditor is not entitled to receive under the provisions of this Agreement, the Subordinated Creditor *will hold the amount so received in trust for*

*the Lender [Wells Fargo] and will forthwith turn over such payment to the Lender in the form received . . .*" (emphasis added).

Hindman argues that paragraph 4 is an unenforceable liquidated damages clause. A clause for liquidated or stipulated damages is enforceable if it is reasonable under the totality of circumstances. *Wassenaar v. Panos*, 331 N.W.2d 357, 361-62 (Wis. 1983). Courts analyze the following factors: (1) did the parties intend to provide for damages or for a penalty? (2) is the injury caused by the breach one that is difficult or incapable of accurate estimation at the time of contract? and (3) are the stipulated damages a reasonable forecast of the harm caused by the breach? *Id.* at 363. Hindman's argument misses the mark because the appropriate remedy for breach of contract is to put the injured party in as satisfactory a position as the party would have been in had the contract been performed. *Int'l Prod. Specialist, Inc. v. Schwing Am., Inc.*, 580 F.3d 587, 598 (7th Cir. 2009) (citing *Thorp Sales Corp. v. Gyuro Grading Co.*, 331 N.W.2d 342, 346 (Wis. 1983)). The only way Wells Fargo can be put in the position it would have been if the contract had been performed is by ordering Hindman to do what he was required to do under the contract, that is, to turn over the money he received from the borrowers. Using the parlance of cases examining stipulated damages, paragraph 4's turnover provision is more than a "reasonable forecast" of the harm caused by the breach. It is an exact forecast. "Our prior decisions indicate that this court has employed the prospective-retrospective approach in determining the reasonableness of the stipulated damages clauses and has looked at the harm anticipated at the time of contract

-2-

Case 2:10-cv-00348-RTR   Filed 01/11/12   Page 2 of 4   Document 59

formation and the *actual harm at the time of breach (or trial)*." *Wassenaar* at 364 (emphasis added).

Moreover, Wells Fargo's complaint could be construed as a request for specific performance. "Actual damages and liquidated damages are considered damages at law – a legal remedy. By contrast, specific performance is an equitable remedy that seeks to award performance of the contract as specifically agreed. The purpose of specific performance is to *order the breaching party to do that which it agreed to do in the contract*. . . . When a contract specifies remedies available for breach of contract, the intention of the parties generally governs." *Ash Park, LLC v. Alexander & Bishop, Ltd.*, 783 N.W.2d 294, 303 (Wis. 2010) (emphasis added). Whether the remedy is for actual damages or specific performance, the result is the same. Wells Fargo is entitled to $750,000, the amount of subordinated indebtedness that Hindman received from the borrowers.

Wells Fargo also requests prejudgment interest. In Wisconsin, a plaintiff is entitled to prejudgment interest when the amount owed to it is "readily determinable" or when there is a "reasonably certain standard of measurement by . . . which one can ascertain the amount he owes." *First Nat'l Bank of Manitowac v. Cincinnati Ins. Co.*, 485 F.3d 971, 981 (7th Cir. 2007). Without question, the amount owed to Wells Fargo is "readily determinable." Wells Fargo requests interest accruing from the date of the breach, which it identifies as January 21, 2010, the date Hindman accepted repayment from the borrowers. However, the subordination agreement does not precisely state when Hindman is required to turn over the subordinated indebtedness. Paragraph 4 merely states that the amounts should be "received

-3-

Case 2:10-cv-00348-RTR   Filed 01/11/12   Page 3 of 4   Document 59

in trust" and turned-over "forthwith." Therefore, prejudgment interest should not begin accruing until April 7, 2010, the date Wells Fargo made its demand for payment. Complaint, Exhibit D. "The general rule as to the time at which interest begins to run on a liquidated claim is that the creditor is entitled to interest from the time payment was due by the terms of the contract and, if no such time is specified, then from the time a demand was made and, if no demand was made prior to the time of commencement of action, then from that time." *Estreen v. Bluhm*, 255 N.W.2d 473, 482 (Wis. 1977). Interest will be calculated at the statutory rate of 5%. Wis. Stat. § 138.04.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Wells Fargo's motion for a determination of damages [D. 50] is **GRANTED**; and

2. The Clerk of Court is directed to enter judgment in favor of Wells Fargo in the amount of **$750,000**, plus prejudgment interest at the statutory rate of 5%, accruing from April 7, 2010.

Dated at Milwaukee, Wisconsin, this 11th day of January, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**