# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WELLS FARGO BUSINESS CREDIT,**
a division of **WELLS FARGO BANK, N.A.,**

                      Plaintiff,

                                                                        **Case No. 10-C-348**

    -vs-

**DONALD J. HINDMAN,**

                      Defendant.

## DECISION AND ORDER

On January 11, 2012, the Court entered judgment in favor of the plaintiff, Wells Fargo Business Credit, in the amount of $750,000.00, plus prejudgment interest, for a total judgment of $816,164.38. The defendant, Donald J. Hindman, moves to stay the judgment pending appeal and for a waiver of the bond requirement. Fed. R. Civ. P. 62(d).

As reflected in Rule 62(d), a prevailing party "should not be put to the expense of defending his judgment on appeal unless the [appellant] takes reasonable steps to assure that the judgment will be paid if it is affirmed." *Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986). Courts analyze the following factors to determine whether the bond requirement should be waived: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Dillon v. City of Chi.*, 866 F.2d 902, 904-05 (7th Cir. 1988).

Hindman focuses on his precarious financial position, arguing that he will be driven to financial ruin and suffer irreparable harm if the Court doesn't stay execution of judgment. The purpose of the bond requirement is to protect the plaintiff's judgment. It cannot be waived simply because the judgment-debtor wants or even needs to avoid the burden of execution. The state of Hindman's finances may help his argument if the bond requirement would adversely impact other creditors, but Hindman fails to make a coherent argument in this respect. Hindman did not provide any information regarding how much money he owes other creditors. In fact, Hindman states that he settled with many of his other creditors, and they are no longer "competing for Mr. Hindman's remaining assets." Reply Brief, ECF No. 81 at 2.

Hindman's age and dwindling finances suggest that his ability to satisfy this judgment will only be harmed by the passage of time during the pendency of this appeal. Moreover, the collection process is bound to be difficult and time-consuming. Wells Fargo already had difficulty serving process at Hindman's gated island community in Florida. Therefore, the bond requirement will not be waived.

Hindman's motion to stay [ECF No. 63] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2012.

**BY THE COURT**:

*Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**